DANIEL REALE ET AL. *v.* SUSAN BYSIEWICZ,
SECRETARY OF THE STATE OF
CONNECTICUT, ET AL.
(SC 18698)

Heard October 21—officially released October 21, 2010*

* October 21, 2010, the date that this court's orders denying the plaintiffs' emergency petition for injunctive relief and motion to strike certain stipulations of fact were released, is the operative date for all substantive and procedural purposes.

*Daniel Reale,* pro se, for the plaintiffs.

*Robert W. Clark,* assistant attorney general, and *Richard Blumenthal,* attorney general, for the defendants.

*Opinion*

EVELEIGH, J. The plaintiffs, Daniel Reale and The Reale Deal for Congress, brought a complaint pursuant to General Statutes § 9-323,[1] as amended by P.A. 10-43, § 5, effective October 1, 2010, against the defendants, Susan Bysiewicz, the secretary of the state, and her staff.[2] By their complaint entitled "Emergency Petition for Injunctive Relief," the plaintiffs seek an order requiring the defendant to: (1) place Reale's name on the ballot as the Libertarian candidate for Connecticut's Second Congressional District (Second District) in the November, 2010 general election; and (2) hire an inde-

---

[1] General Statutes § 9-323, as amended by P.A. 10-43, § 5, provides in relevant part: "Any elector or candidate who claims that he is aggrieved by any ruling of any election official in connection with any election for presidential electors and for a senator in Congress and for representative in Congress or any of them, held in his town, or that there was a mistake in the count of the votes cast at such election for candidates for such electors, senator in Congress and representative in Congress, or any of them, at any voting district in his town, or any candidate for such an office who claims that he is aggrieved by a violation of any provision of section 9-355, 9-357 to 9-361, inclusive, 9-364, 9-364a or 9-365 in the casting of absentee ballots at such election, may bring his complaint to any judge of the Supreme Court, in which he shall set out the claimed errors of such election official, the claimed errors in the count or the claimed violations of said sections. In any action brought pursuant to the provisions of this section, the complainant shall file a certification attached to the complaint indicating that a copy of the complaint has been sent by first-class mail or delivered to the State Elections Enforcement Commission. If such complaint is made prior to such election, such judge shall proceed expeditiously to render judgment on the complaint and shall cause notice of the hearing to be given to the Secretary of the State and the State Elections Enforcement Commission. . . ."

[2] Hereinafter, in the interest of simplicity, this court refers to Bysiewicz as the defendant, unless otherwise indicated.

pendent agency to audit her election records and security protocols. The plaintiffs claim that because the defendant initially, inadvertently, published Reale's name as a candidate for the Second District on the "voter guide" website mandated by General Statutes § 9-4a,[3] he was officially "placed on the ballot." As a result, they further argue that the defendant has no statutory authority to "remove" his name from the ballot.

The record reveals the following facts and procedural history. The complaint was filed in the Supreme Court pursuant to § 9-323 on October 8, 2010. Thereafter, on October 13, 2010, this court ordered all parties: (1) to file any stipulations of fact by October 18, 2010; (2) to file any motions, proposed findings of fact and proposed conclusions of law by October 19, 2010; and (3) to appear in court for a hearing on October 21, 2010. On October 21, 2010, this court conducted a hearing and listened to the testimony of witnesses, as well as the arguments of both Reale and Robert W. Clark, an attorney representing the defendants. As a preliminary matter, the court denied Reale's motion to strike certain documents filed by the defendants on the grounds that the documents were filed late. The court ruled that the documents were timely filed since there were no stipulations of fact filed in the case. After hearing the matter, the court issued an oral decision denying both

---

[3] General Statutes § 9-4a provides in relevant part: "(a) Not later than October first in each year in which a state election, as defined in section 9-1, is to be held, the Secretary of the State, in consultation with the State Elections Enforcement Commission and within available appropriations, shall prepare a voter guide for such state election and shall publish such voter guide on the Internet.

"(b) The voter guide shall contain:

"(1) The date of the state election and the hours the polls will be open;

"(2) The name, party affiliation and contact information of each candidate who is nominated or qualifies as a petitioning candidate for election to the office of . . . representative in Congress . . . ."

the plaintiffs' motion to strike and the petition for injunctive relief. The court further indicated that a written opinion would follow. This is that opinion.

Pursuant to General Statutes § 9-379, "[n]o name of any candidate shall be printed on any official ballot at any election except the name of a candidate nominated by a major or minor party unless a nominating petition for such candidate is approved by the Secretary of State as provided in sections 9-453a to 9-454p, inclusive." Only those parties that meet the definition of a major party or a minor party under General Statutes § 9-372 (5) and (6), respectively, are entitled to a place on the ballot for a state or district office by way of party nomination. The plaintiffs have not demonstrated that Reale was nominated by a major or minor party or that he obtained and timely filed the requisite number of signatures to secure a place on the ballot as a petitioning candidate for the Second District pursuant to General Statutes § 9-453a.

Pursuant to § 9-372 (5), a " '[m]ajor party' " is defined as: "(A) a political party or organization whose candidate for Governor at the last-preceding election for Governor received, under the designation of that political party or organization, at least twenty per cent of the whole number of votes cast for all candidates for Governor, or (B) a political party having, at the last-preceding election for Governor, a number of enrolled members on the active registry list equal to at least twenty per cent of the total number of enrolled members of all political parties on the active registry list in the state . . . ." The Libertarian Party does not qualify as a major party pursuant to the wording of the statute.

Section 9-372 (6) defines a " '[m]inor party,' " for purposes of General Statutes § 9-452, as "a political party or organization which is not a major party and whose candidate for the office in question received at the last-

preceding regular election for such office, under the designation of that political party or organization, at least one per cent of the whole number of votes cast for all candidates for such office at such election . . . ." As indicated in the official statement of vote records maintained by the defendant's office, in the last regular election for the Second District, which took place in November, 2008, no candidate ran under the Libertarian Party designation and no Libertarian Party candidate received votes for that office. As a result, the Libertarian Party is not a minor party in the Second District for purposes of § 9-452. Reale, therefore, could not have obtained a place on the ballot through either the major party or the minor party nominating procedures.

In view of the fact that Reale was neither nominated by a major party or a minor party, he could only have obtained a place on the ballot as the Libertarian Party candidate for the Second District as a petitioning candidate under § 9-453a et seq. Pursuant to that statutory scheme, Reale had to petition onto the ballot under the Libertarian Party name. See General Statutes §§ 9-453a and 9-453b. In addition, the chairman or secretary of the Libertarian Party had to file a statement endorsing Reale as its candidate for the Second District. See General Statutes § 9-453o (b). Next, Reale had to apply to the defendant for nominating petitions prior to August 4, 2010, pursuant to § 9-453b. Each of these requirements was met in this case.

After receiving his petitions, Reale or eligible circulators had to obtain the valid signatures of registered voters within the Second District in an amount equal to 1 percent of the total votes cast for Second District candidates in 2008. General Statutes § 9-453d.[4] Based

---

[4] General Statutes § 9-453d provides in relevant part: "Each petition shall be signed by a number of qualified electors equal to . . . (1) one per cent of the votes cast for the same office or offices at the last-preceding election . . . ."

upon the 2008 election figures set forth in the official statement of vote, Reale had to obtain 3231 signatures from individuals registered to vote in the Second District. In addition, the petition pages containing the requisite number of signatures had to be filed with the defendant or the appropriate town clerks on or before the ninetieth day before the regular election, in this case, August 4, 2010. At the time petition pages are submitted, the town clerk or the defendant, as the case may be, must also provide circulators with a receipt indicating the number of pages so submitted and the date upon which such pages were submitted. General Statutes § 9-453k (c). The town clerks are then required to review the petition pages to determine whether all of the signatures are valid and otherwise meet all of the statutory criteria. General Statutes § 9-453k (d). Within two weeks of receiving petition pages, the respective town clerks are required to forward all petitions they have received, with their official certifications and markings indicating which signatures were rejected as invalid, to the defendant. General Statutes § 9-453n. The defendant, in turn, tabulates all of the valid signatures.

In this matter, on the basis of the submissions made directly to her office and town clerks within the Second District, the defendant determined that circulators had submitted a total of seventeen petition pages in support of Reale's candidacy, with a total of ninety valid signatures. As a result, by a letter dated September 8, 2010, the defendant informed Reale that he had failed to qualify as a petitioning candidate for the Second District. Additionally, at the hearing before this court, Reale failed to offer any evidence to the effect that he had obtained more than ninety valid signatures. Pursuant to General Statutes § 9-462,[5] the defendant provided

[5] General Statutes § 9-462 provides in relevant part: "On September fifteenth in each year when a state election, as defined in section 9-1, is held . . . the Secretary of the State shall mail to each town clerk a list of the names of all duly nominated candidates for state and district offices to be filled at such election, filed in his office prior to such date, for whom

registrars in the Second District with an official list of all duly nominated candidates eligible for election in the Second District. Reale's name was not on that list.

After the August 4, 2010 deadline for submitting petitions, and prior to the October 1, 2010 deadline for completing the voter guide required by § 9-4a, the defendant's staff erroneously listed Reale as a candidate for the Second District in the voter guide. That mistake was the result of a clerical error. Specifically, upon receipt of the Libertarian Party's letters designating candidates for all of the various elected offices, submitted pursuant to § 9-453o (b), the defendant's staff erroneously listed all of those names on the voter guide, including the names of candidates who were not entitled to appear on the ballot because they had not qualified as minor party or petitioning candidates. When compiling the official list of candidates as required by § 9-462, the defendant's staff noticed the error and rectified it prior to the October 1, 2010 deadline for completing the voter guide.

Accordingly, this court holds that Reale was not entitled to a place on the ballot as a candidate for the Second District because he has not satisfied the statutory requirements for petitioning candidates, namely, by failing to obtain a sufficient number of signatures as required by § 9-453d and by failing to be nominated by either a major party or a minor party as those terms are defined in § 9-372 (5) and (6). There is no statute that entitles a candidate to a place on the ballot simply because his or her name mistakenly appeared on the voter guide published pursuant to § 9-4a prior to the deadline for the completion of the voter guide, notwithstanding the fact that the candidate has failed to meet the statutory criteria for a place on the ballot. Indeed,

an elector may vote, with the respective party designation of each such candidates. . . ."

the defendant lacks the authority to place Reale on the ballot as a candidate for the Second District. In view of the fact that Reale failed to provide the requisite number of petition signatures, it is incumbent upon the defendant *not* to place his name on the ballot.

Reale has also made a request for an order requiring the defendant to hire an outside auditor to review her office's election records and security protocols. This court finds that Reale has failed to meet his burden of proof as to this claim.

The plaintiffs' motion to strike the stipulations of fact and the plaintiffs' emergency petition for injunctive relief are denied.